**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALFONZO RAMIREZ-SANTIAGO,<br><br>           Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>           Respondent. | No. 21-807<br><br>Agency No.<br>A078-755-201<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2023**
Pasadena, California

Before: BYBEE, BENNETT, and MENDOZA, Circuit Judges.

Petitioner Alfonso Ramirez-Santiago, a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") denial of his motion to suppress, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review de novo constitutional questions and the denial of a motion to suppress. *Martinez-Medina v. Holder*, 673 F.3d 1029, 1033 (9th Cir. 2011). We review the BIA's factual findings for substantial evidence. *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Ramirez-Santiago asserts that the immigration court lacked jurisdiction because his Notice to Appear ("NTA") failed to list the time or date of his proceedings, and that we should therefore terminate his immigration proceedings. This argument is foreclosed by our case law. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc) ("[T]he failure of an NTA to include time and date information does not deprive the immigration court of subject matter jurisdiction.").

2.      The BIA and the IJ (together, "the agency") did not err in denying Ramirez-Santiago's motion to suppress the Form I-213. "[A]lthough as a general matter the exclusionary rule does not apply in deportation . . . hearings, under the clearly established law of this circuit evidence must be suppressed if it was obtained through an egregious violation of the Fourth Amendment." *Orhorhaghe v. INS*, 38 F.3d 488, 493 (9th Cir. 1994). Ramirez-Santiago argues that the officers egregiously violated his Fourth Amendment rights by stopping him solely because

they "suspect[ed] [him] to be illegal" based on his Hispanic appearance. However, the officers had "a particularized and objective basis" for suspecting that he was unlawfully present in the United States. *United States v. Cortez*, 449 U.S. 411, 417 (1981). The officers identified Ramirez-Santiago as someone with prior immigration and criminal history through a routine database check, obtained an I-200 warrant for his arrest, and conducted surveillance around his last known address. The officers saw "an adult Hispanic male matching the target's description" leaving his last known address in a vehicle registered to Ramirez-Santiago's spouse. Therefore, the officers had reasonable suspicion to stop him, and Ramirez-Santiago did not make a prima facie showing of an egregious Fourth Amendment violation.

Ramirez-Santiago further argues that the Form I-213 should have been suppressed because the statements that form the basis for the Form I-213 were obtained in violation of his *Miranda* rights. However, because we have held "that *Miranda* warnings are not required before questioning in the civil deportation context," *United States v. Solano-Godines*, 120 F.3d 957, 960 (9th Cir. 1997), the agency did not err in denying his motion and considering his statements.

3.     Ramirez-Santiago argues that he was denied a full and fair hearing in violation of his right to due process because he was denied an evidentiary hearing on his motion to suppress, and he was unable to cross-examine the preparer of the

Form I-213.  We disagree.

We will reverse an agency's decision "on due process grounds if (1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case, and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotation marks and citations omitted).  Because he was afforded a deportation hearing, had an "opportunity to be represented by counsel, to prepare an application for . . . relief, and to present testimony and other evidence in support of the application," Ramirez-Santiago has not shown the proceedings were fundamentally unfair.  *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007).

Ramirez-Santiago similarly fails to show how his inability to cross examine the preparer of the Form I-213 constitutes a due process violation.  "Form I-213 is probative on the issue of entry, and its admission is fair absent evidence of coercion or that the statements are not those of the petitioner." *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995).  Further, "[t]he [IJ] was not required to permit cross-examination of the form's preparer" because Ramirez-Santiago did not put forth any probative evidence contesting the facts in the I-213.  *See id.* at 311.

4. We find no error in the agency's determination that Ramirez-Santiago was ineligible for asylum because he failed to establish an extraordinary circumstance to warrant an exception to the one-year asylum filing period. Ramirez-Santiago last entered the United States in 2015; he did not file his asylum application until 2019. He contends that he did not know the asylum process or the law, but this is not an extraordinary circumstance under our precedent. *See Alquijay v. Garland*, 40 F.4th 1099, 1103–04 (9th Cir. 2022) (rejecting petitioner's argument that "ignorance of the legal requirements for filing an asylum application is an 'extraordinary circumstance . . .'").

5. Ramirez-Santiago further argues that the agency erred in denying withholding of removal because the IJ incorrectly found his testimony not credible. However, the BIA found that he waived his withholding of removal claim by failing to argue "with particularity, that he faces a clear probability of persecution in Mexico on account of his membership in a particular social group." On appeal, Ramirez-Santiago neither addresses the BIA's decision nor raises the merits of his withholding of removal claim in his opening brief. We therefore deem this issue forfeited. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (finding a party forfeits an issue by failing to meaningfully discuss it in the opening brief).

6. Substantial evidence supports the BIA's denial of CAT relief.

21-807

Ramirez-Santiago argues that the country reports show that Mexican law enforcement and its government are willfully blind to persecution and torture, and he is therefore entitled to CAT relief. Without more, his argument fails because "evidence that a government has been generally ineffective in preventing or investigating criminal activities [does not] raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Ramirez-Santiago fails to show how he will be subjected to a "particularized threat of torture" that is different than the general population of Mexico. *Dhital v. Mukasey*, 532 F.3d 1044, 1052 (9th Cir. 2008).

The temporary stay of removal remains in place until the mandate issues.

**PETITION DENIED.**